**PHILIP J. TRENCHAK, ESQ.**
Nevada State Bar No. 009924
**MULLINS & TRENCHAK, ATTORNEYS AT LAW**
1614 S. Maryland Blvd.
Las Vegas, Nevada 89104
P: (702) 476-5101
F: (702) 476-5158
E: phil@mullinstrenchak.com
Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SHANNON STAHL, an individual, SEAN PAGE, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> THE PRIMADONNA COMPANY, LLC, dba PRIMM VALLEY RESORT AND CASINO, <br><br> Defendants. | CASE NO.: <br><br> **COMPLAINT** <br> **(Jury Demanded)** <br><br> **1.) Discrimination Based on Race, Color, National Origin, Gender or Age in violation of State and Federal Statutes** <br> **2.) Discrimination based on Gender/Sexual Harassment in violation of Federal Statutes** <br> **3.) Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and Nevada State Law, NRS 613.340** <br> **4.) Violation of The Federal Fair Housing Act, 42 U.S.C. 3601 et. seq. & Violation of Nevada Revised Statute (NRS) chapter 118 - Discrimination in Housing; Landlord and Tenant** |

## COMPLAINT

Plaintiff, SHANNON STAHL and SEAN PAGE (hereinafter "Plaintiffs") by and through their attorney PHILIP J. TRENCHAK, Esq., of MULLINS AND TRENCHAK ATTORNEYS AT LAW, hereby brings suit against THE PRIMADONNA COMPANY, LLC, dba PRIMM VALLEY RESORT AND CASINO, (hereinafter "Defendant," "Primm Valley," and/or "Primm"), and avers and alleges as follows:

1

## JURISDICTION

1.  This is an action for damages arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e to 2000e-17 (retaliation), workplace harassment, Retaliation under Federal and State Laws and Violation of state and Federal Fair Housing Laws.

2.  This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a)(4) (civil rights action) and 42 U.S.C. §2000e-5(f)(3) (unlawful discrimination and retaliation in employment). This Court has supplemental jurisdiction over any state law claims pled herein pursuant to 28 U.S.C. §1367.

3.  All material allegations relative to the named Defendant contained in this Complaint are believed to have occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

## EXHAUSTION OF ADMINISTRATIVE REMEDY

4.  Plaintiffs initiated the process of filing a Charge of Discrimination against their former employer, the Defendant named in this action, with the United States Equal Opportunity Commission ("EEOC") wherein Plaintiffs alleged discrimination and retaliation as a continuing action. This was done within 300 days of the incident giving rise to this complaint.

5.  Thereafter, Plaintiffs' attorney received Parties' Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. Please see attached Exhibit A & B.

6.  This action is being filed within 90 days of the EEOC "Right to Sue" Letters being received by Plaintiff. Therefore this action is timely.

7.  Plaintiffs have exhausted their administrative remedy on all claims pled hereunder prior to filing this action with this Court.

## PARTIES

8.  Plaintiffs are, and were, at all times material to this action, individuals, residing in the State of Nevada, employed by Defendant.

9.  Plaintiff, Shannon Stahl, is a Native American female who was employed as a cocktail waitress by Defendant.

10. Plaintiff, Sean Page, is a Caucasian male over the age of forty (40) employed as a bartender by

Defendant.

11. Plaintiffs are informed and believe, and thereupon allege, that Defendant THE PRIMADONNA COMPANY, LLC, dba PRIMM VALLEY RESORT AND CASINO is and was at all times material to this action, a Domestic Limited-Liability Company, duly authorized to transact, and in fact transacting business in the County of Clark, State of Nevada.

## GENERAL ALLEGATIONS

12. Plaintiff, Shannon Stahl, was living in the employee housing facility, Ms. Stahl lived with her two (2) daughters in Defendant's employee housing facility (employee apartments), and plaintiff, Mr. Sean Page, lived in his own unit in the employee apartments.

13. It was well-known that Plaintiffs were involved in a romantic relationship.

14. On September 4, 2019, a man was shot six (6) times in the employee apartments at the Primm Resort.

15. At that time, Plaintiffs were living in the employee apartments.

16. Bullets went through the walls of Shannon Stahl's apartment.

17. Shannon Stahl's daughters endured approximately one full year of being referred to as "Indian Bitch," "Stupid Indian Bitch," and "Dirty Indian Bitch."

18. Shannon Stahl's daughters were also physically threatened.

19. Shannon Stahl's daughters had bottles of water thrown at them.

20. Shannon Stahl had made numerous complaints to the Primm Security and the school regarding the malicious treatment and bullying that her daughters were forced to endure.

21. This treatment would begin on the bus ride to school in the morning, would continue at school, and then persisted all the way home on the school bus.

22. The girls that treated Ms. Stahl's daughters in this fashion were African-American.

23. These conflicts between Ms. Stahl's children and the African-American children in the employee apartments was ongoing.

3

24. On or about October 12, 2019, Sean Page was taken away from his position he has held for over twenty (20) years, for questioning about a resolved criminal charge that his employer was well aware of, after security allegedly ran background checks on certain individuals that lived in employee housing.

25. Mr. Page's employer was well aware of the criminal conviction, and had made a written statement to Gaming, informing Gaming that they were aware of the criminal conviction, and wished to continue to employ Mr. Page.

26. This Representation made by Defendant, allowed Mr. Page to keep his Sheriff's Card, and continue to work for Defendant as a bartender.

27. On or about October 14, 2019, one of Ms. Stahl's daughters had a physical altercation on the school bus with one of the African-American young ladies.

28. This female African-American young lady's mother was not employed at Primm, and was staying with individuals that were employed at Defendant's business.

29. On or about October 16, 2019, Plaintiffs, and Shannon Stahl's daughter inclusive, were given a five (5) day notice to vacate employee housing.

30. On or about October 18, 2019 Plaintiff, Sean Page, was suspended from work pending investigation allegedly based upon the criminal conviction that Defendant was well aware of.

31. On or about October 21, 2019, Plaintiffs moved out of the employee apartments.

32. On or about November 5, 2019, Sean Page had had no communication from the Beverage Department, and/or Human Resources.

33. On or about November 5, 2019, Sean Page went to Human Resources in person, and was handed a check and told that he was terminated.

34. Mr. Page was not given an explanation or documentation regarding his termination after over twenty (20) years of employment with Defendant.

35. Shannon Stahl was still employed but was forced to endure the hardship imposed, because she

struggled to meet the extra board shift requirements, because she was living thirty-five (35) miles away and was without a car or a driver's license.

36. Ms. Stahl was terminated on or about May 22, 2020.

37. That as a result of Defendant's actions, Plaintiffs have suffered economic damages.

38. Plaintiff suffered additional damages set forth in this complaint.

**FIRST CAUSE OF ACTION**
**(Discrimination National Origin, Race, and gender in violation of State and Federal Statutes)**

39. Plaintiffs incorporate all of the allegations in the preceding paragraphs as though fully set forth herein.

40. Plaintiff, Shannon Stahl, is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race, national origin, and gender, or a combination thereof.

41. Ms. Stahl is a female and she is of Native American ancestry.

42. Plaintiff, Sean Page, is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race, national origin, and gender, or a combination thereof.

43. Mr. Sean Page is a Caucasian male over the age of forty (40).

44. Mr. Sean Page was discriminated upon due to his association with Shannon Stahl and her Native American children.

45. Mr. Sean Page was terminated without reason, after Ms. Stahl's daughter was in a physical altercation, with an African-American young lady.

46. Ms. Shannon Stahl was terminated on or about May 22, 2020, and remains terminated, as of the date of this complaint.

47. Defendant, as an employer, is subject to Nevada and federal statutes prohibiting discrimination, NRS 613.330 et. seq. and Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees, a workplace free of unlawful discrimination.

48. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiffs to disparate terms of employment.

49. Defendant discriminated against Plaintiffs when it retained as employees, individuals who subjected Plaintiffs to discrimination in the workplace.

50. No other similarly situated persons, not of Plaintiffs' protected class were subject to the same or substantially similar conduct.

51. Plaintiffs suffered adverse economic impact including but not limited to loss of pay, benefits, expenses and other damages which will be more fully described at the time of trial.

52. Plaintiffs were embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against them.

53. Plaintiffs suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety and depression resulting from this unlawful discrimination by her employer.

54. Plaintiffs are entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

55. Pursuant to 1991 Amendments to title VII, Plaintiffs are entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws. Discrimination based on race has been illegal since 1964 and an employer of the size, reputation and experience of Defendant should have not engaged in this blatant discrimination.

56. Plaintiffs suffered damages in an amount deemed sufficient by the jury.

57. Plaintiffs are entitled to an award of reasonable attorney's fees.

58. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her gender.

59. Therefore, Plaintiffs are entitled to recover damages for the sake of example, to deter other

6

employers from engaging in such conduct and by way of punishing the Defendant in an amount deemed sufficient by the jury.

## SECOND CAUSE OF ACTION
**(Discrimination based on Gender/Sexual Harassment in violation of Federal Statutes)**
**On behalf of Plaintiff-Shannon Stahl only**

60. Plaintiff, Shannon Stahl, incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

61. Plaintiff, Shannon Stahl, is a female, and therefore, is a member of the class of persons protected by federal statutes prohibiting discrimination based on gender.

62. Defendant, as an employer, is subject to federal statutes prohibiting discrimination, Title VII, 42 U.S.C. § 2000e et. seq. as amended and thus, has a legal obligation to provide Plaintiff and all employees a workplace free of unlawful discrimination.

63. Defendant refused to take reasonably adequate steps to prevent discrimination against Plaintiff to disparate terms of employment based upon gender.

64. Plaintiff was continually subjected to sexual harassment and complained of that harassment to management.

65. Defendant did not remedy the harassment.

66. Defendant was made aware of the sexual harassment described herein.

67. Defendant allowed sexual harassment to continue.

68. Defendant appeared to simply inform the offending managers that a complaint was made without any corrective action.

69. This lack of corrective action and plotting against Plaintiff will inevitably be revealed in Discovery.

70. Defendant allowed the individuals committing the sexual harassment to show open hostility after the harassment was complained about to members of management.

7

71. Defendant discriminated against Ms. Stahl when Defendant retained as employees, managers who continued to subject Plaintiff to discrimination in the workplace throughout the entirety of her term of employment with Defendant.

72. No other similarly situated persons, not of Ms. Stahl's protected class, were subject to the same or substantially similar treatment.

73. Plaintiff, Shannon Stahl, suffered adverse economic impact including but not limited to loss of pay, benefits, expenses and other damages which will be more fully described at the time of trial.

74. Plaintiff, Shannon Stahl, was embarrassed, humiliated, angered and discouraged by the discriminatory actions taken against her.

75. Plaintiff, Shannon Stahl, suffered and continues to suffer compensable emotional and physical harm, including but not limited to, headaches, sleeplessness, anxiety, depression, and a complication of her known medical condition resulting from this unlawful discrimination by her employer.

76. Plaintiff, Shannon Stahl, is entitled to be fully compensated for her emotional disturbance by being forced to endure this discrimination.

77. Pursuant to 1991 Amendments to title VII, Plaintiff is entitled to recover punitive damages for Defendant's malicious, intentional repeated violations of federal and state civil rights laws. Discrimination based on gender has been illegal since 1964 and an employer of the size, reputation and experience of Defendant should have not engaged in this blatant discrimination.

78. Plaintiff, Shannon Stahl, suffered damages in an amount to be deemed sufficient by the jury.

79. Plaintiff, Shannon Stahl, is entitled to an award of reasonable attorney's fees.

80. Defendant is guilty of oppression, fraud or malice, express or implied as Defendant knowingly and intentionally discriminated against Plaintiff because of her gender.

81. Therefore, Plaintiff, Shannon Stahl, is entitled to recover damages for the sake of example, to deter other employers from engaging in such conduct and by way of punishing the Defendant in an

amount deemed sufficient by the jury.

### THIRD CAUSE OF ACTION
**(Retaliation under Federal Law, 42 U.S.C. § 2000e-3 and Nevada State Law, NRS 613.340)**
82. Plaintiffs incorporate all of the allegations in the preceding paragraphs as though fully set forth herein.

83. In violation of 42 U.S.C § 2000e-3, Defendant retaliated against Plaintiffs after Plaintiffs complained of acts which they reasonably believed were discriminatory.

84. In violation of NRS 613.340 Defendant retaliated against Plaintiffs after they complained of acts which they reasonably believed were discriminatory.

85. The behavior complained of also constitutes retaliatory harassment and the creation of an illegally hostile environment.

86. There may be more detrimental acts of which Plaintiffs are unaware which may also constitute retaliation in that it harmed Plaintiff in her workplace.

87. The aforementioned actions and conduct by Defendant, constitute illegal retaliation which is prohibited by federal and state statutes.

88. Plaintiffs have been seriously harmed, economically and emotionally by this unlawful retaliation and she is entitled to be fully compensated therefor.

89. Plaintiffs, have had to engage in the services of attorneys for representation in this matter and is entitled to an award of reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
**(Violation of The Federal Fair Housing Act, 42 U.S.C. 3601 et. seq. and Violation of Nevada Revised Statute (NRS) Chapter 118 - Discrimination In Housing; Landlord And Tenant)**
90. Plaintiffs incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

91. Plaintiff Shannon Stahl, is a member of the class of persons protected by state and federal statutes

9

prohibiting discrimination based on race, national origin, and gender, or a combination in the housing of said protected class of individual.

92. Ms. Stahl is a female and she is Native American as well.

93. Plaintiff Sean Page, is a member of the class of persons protected by state and federal statutes prohibiting discrimination based on race, and gender, or a combination in the housing of said individual.

94. Mr. Sean Page is a Caucasian male over the age of forty (40).

95. Mr. Sean Page was discriminated upon due to his association with Shannon Stahl, being the romantic partner of Ms. Stahl, and living with Ms. Stahl and her Native American children.

96. That Plaintiffs were evicted as a consequence of the protected group status that Ms. Stahl and her children are members of.

97. That African-American individuals were allowed to remain in the employee housing without consequence after Ms. Stahl's daughters, and each of them were bullied and referred to as "Indian Bitch," "Stupid Indian Bitch," and "Dirty Indian Bitch" for over a year.

98. That an African-American female child and her family were allowed to remain in the employee housing without consequence after Ms. Stahl's daughter had a physical altercation with said child.

99. That said unwarranted eviction was unlawful and was based upon the race, national origin, and gender of Ms. Stahl and her daughters.

100.    Plaintiff have been seriously harmed, economically and emotionally by this unlawful retaliation and she is entitled to be fully compensated therefor.

101.    Plaintiffs had to engage in the services of attorneys for representation in this matter and is entitled to an award of reasonable attorneys' fees.

///

///

10

**WHEREFORE**, Plaintiff prays for relief against Defendants, each of them, as follows:

**ON ALL CAUSES OF ACTION**

1.      For compensatory damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

2.      For punitive damages in the principal amount in excess of seventy-five thousand dollars ($75,000.00) to be proven at trial;

3.      For special damages in the principal amount in excess of seventy-five thousand dollars, ($75,000.00) to be proven at trial;

4.      For attorney's fees and costs incurred;

5.      For all damages in an amount to be proved at trial;

6.      For costs of suit herein incurred;

7.      For reasonable interest on amounts due; and

8.      For any such other and further relief as this Court deems just and proper.

DATED this 21st day of October, 2020.



**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

/s/Philip J. Trenchak

_____

Philip J. Trenchak, Esq.
Nevada Bar No. 9924
1614 South Maryland Pkwy
Las Vegas, NV 89104

## PLAINTIFF'S JURY DEMAND

Plaintiffs, by and through her attorneys of record, PHILIP J. TRENCHAK, ESQ. of the law firm MULLINS & TRENCHAK, ATTORNEYS AT LAW, respectfully submits this Demand for Jury pursuant FRCP 38 in the above captioned matter.

DATED this 21st day of October 2020.

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

/s/ Phil Trenchak
PHILIP J. TRENCHAK, ESQ.
Nevada State Bar No. 009924
1614 S. Maryland Parkway
Las Vegas, Nevada 89104
P: (702) 778-9444
F: (702) 778-9449
E: phil@mullinstrenchak.com
Attorney for Plaintiffs

# **Exhibit A**
Right to Sue Notice
Shannon Stahl

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Shannon Stahl<br>PO Box 20167<br>Jean, NV 89019 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2020-01676 | Kathryn Gibson,<br>Investigator | (702) 388-5013 |

*(See also the additional information enclosed with this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Tamara M. West*
Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC,
ou=Director-LVLO,
email=tamara.west@eeoc.gov,
c=US
Date: 2020.08.18 09:01:53 -07'00'

**Tamara M. West,**
**Local Office Director**

cc:
Marc Rubinstein
Exec VP and General Counsel
Affinity Gaming
3755 Break Through Way
Las Vegas, NV 89135

Philip J. Trenchak, Esq.
MULLINS & TRENCHAK, ATTORNEYS AT LAW
1614 S. Maryland Pkwy
Las Vegas, NV 89104

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than** 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 – in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# **Exhibit B**

Right to Sue Notice
Sean Page

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Sean Page<br>c/o MULLINS & TRENCHAK, ATTORNEYS AT LAW<br>Attn: Philip Trenchak<br>1614 S. Maryland Pkwy.<br>Las Vegas, NV 89104 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite 5560<br>Las Vegas, NV 89101 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| | Ruth I. Ibarra, | |
| 487-2020-00527 | Investigator | (702) 388-5085 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court** <u>WITHIN 90 DAYS</u> **of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Tamara
M. West**  *Tamara M. West,*
Digitally signed by Tamara M. West
DN: cn=Tamara M. West, o=EEOC,
ou=Director-LVLO,
email=tamara.west@eeoc.gov, c=US
Date: 2020.07.22 08:11:00 -07'00'

Enclosures(s)                                                    **Local Office Director**                        *(Date Mailed)*

cc:   **Debbie Fetzner
Human Resources Director
PRIMM VALLEY RESORT AND CASINO
701 S Carson St Ste 200
Washoe Valley, NV 89701**

Enclosure with EEOC
Form 161-B (11/16)

### INFORMATION RELATED TO FILING SUIT
### UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS      --**     **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice.**  Therefore, you should **keep a record of this date.**  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS      --     Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE      --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Nevada

| | |
|---|---|
| Shannon Stahl and Sean Page | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| THE PRIMADONNA COMPNAY, LLC, dba PRIMM | ) |
| VALLEY RESORT AND CASINO | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

Civil Action No.

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   THE PRIMADONNA COMPANY, LLC dba PRIMM VALLEY RESORT AND CASINO
701 S CARSON ST. STE 200
CARSON CITY, NV 89701, USA

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Philip J. Trenchak, Esq.
1614 S. Maryland Pkwy.
Las Vegas, NV 89104

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____            _____

*Signature of Clerk or Deputy Clerk*

JS 44   (Rev. 09/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Shannon Stahl and Sean Page | The Primadonna Company, LLC dba Primm Valley Resort and Casino |

**(b)**   County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*
Philip J. Trenchak, Esq.
1614 S. Maryland Pkwy., LV, NV 89104
(702)778-9444

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
Plaintiff

☒ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                 *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding

☐ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 5   Transferred from Another District *(specify)*

☐ 6   Multidistrict Litigation - Transfer

☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1343(a)(4) - 42 USC 2000 e-5 (f)(3)
Brief description of cause:
Unlawful discrimination and retaliation in employment

## VII. REQUESTED IN COMPLAINT:

☐   CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE
10/21/2020

SIGNATURE OF ATTORNEY OF RECORD
Philip J. Trenchak

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____